**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARK J. SVENTEK,** ) | |
| Petitioner, ) | **C.A. No. 08-140 Erie** |
| v. ) | |
| ) | **District Judge McLaughlin** |
| **MARDI L. VINCENT, et al.,** ) | **Chief Magistrate Judge Baxter** |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Petitioner's Motion for Summary Judgment [Document # 36] be denied, the instant Petition for Writ of Habeas Corpus be denied and a certificate of appealability be denied.

### II.     REPORT

Petitioner Mark J. Sventek is a state prisoner who is incarcerated at the State Correctional Institution at Laurel Highlands in Somerset, Pennsylvania. Presently pending before this Court is his petition for writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. [Document # 8].

#### A.     Relevant Procedural and Factual History

On January 16, 2007, Petitioner pleaded guilty and was convicted of one count of Possession of Child Pornography in the Court of Common Pleas of Erie County, Pennsylvania. On May 29, 2007, Petitioner was sentenced to serve 12-24 months of incarceration, which he began to serve immediately. A motion to modify sentence was denied by the trial judge on June 23, 2007. No direct appeal was taken.

Petitioner subsequently filed a Petition for Post Conviction Collateral Relief ("PCRA Petition") on October 23, 2007, which was supplemented by his court-appointed PCRA counsel on December 21, 2007, and raised the following issues:

> (i) Trial counsel was ineffective for failing to file a suppression motion challenging the stale information that served as the basis of the search warrant;
>
> (ii) Trial counsel was ineffective for failing to file a motion to suppress his confession to the police after his family were threatened and promises of specific sentences were made in return for the confession;
>
> (iii) Trial counsel was ineffective for failing to file a motion to withdraw Petitioner's guilty plea despite Petitioner's request to do so; and
>
> (iv) The trial court erred in upholding Petitioner's guilty plea, despite Petitioner's contention that it was unlawfully induced because he was promised a lesser sentence and he was threatened by law enforcement officers.

(See Document # 8, Petition, at p. 26). After an evidentiary hearing on January 31, 2008, the trial court issued an opinion on February 12, 2008, denying the PCRA Petition. In so doing, the trial court concluded that: Petitioner's confession was made voluntarily and, thus, trial counsel had no reasonable basis on which to file a suppression motion; Petitioner never requested trial counsel to file a motion to withdraw his guilty plea; and Petitioner's guilty plea was entered knowingly, voluntarily, and intelligently. (Id. at pp. 32-33).

Petitioner filed an appeal from the denial of his PCRA Petition with the Pennsylvania Superior Court on February 22, 2008, raising the following issues for appellate review[1]:

> 1. Whether the PCRA court erred when it sustained the Commonwealth's objections to defense questions during the PCRA evidentiary hearing pertaining to the content of the photographs and whether the court further erred when it denied the PCRA that argued the plea was unlawfully induced where the circumstances made it likely that the inducement caused Appellant to plead guilty when the Appellant was innocent[?]
>
> 2. Whether the PCRA court erred in denying Appellant's PCRA claim that plea counsel provided ineffective assistance in failing to file a suppression motion to challenge stale information that served as the basis of the search warrant [?]

---

[1] As summarized by the Pennsylvania Superior Court in its October 23, 2008, Memorandum Opinion. (See Attachment to Document # 51, at pp. 2-3).

2

While Petitioner's PCRA was still pending, Petitioner filed the instant habeas corpus petition on May 8, 2008. Because Petitioner had not yet exhausted his claims through the state court PCRA process prior to filing his habeas petition, Respondents filed a motion to dismiss the habeas petition. [Document # 16]. Petitioner thereafter filed a motion for summary judgment on October 1, 2008. [Document # 36]. Rather than dismissing this action, however, this Court issued an Order on October 6, 2008, staying this action until Petitioner's appeal before the Pennsylvania Superior Court was finalized. A Memorandum opinion affirming the denial of Petitioner's state court PCRA petition was subsequently issued by the Pennsylvania Superior Court on October 23, 2008; however, this Court did not receive notice of the Superior Court decision until a formal Notice of the same was filed by Respondents on December 19, 2008 [Document # 51].

Upon receipt of Respondents' Notice of State Court Decision, this Court lifted the stay of this action and ordered Respondents to file a response to the merits of Petitioner's habeas petition. A Response was later filed by Respondents on January 16, 2009. Soon after, this Court began reviewing this matter for disposition. In doing so, however, the Court discovered that the habeas petition originally filed in this case consists only of a front page entitled "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," followed by two pages comprising a "Post Conviction Bail Petition," a single page entitled "Summary of Appeal," and 36 pages of exhibits from Petitioner's state court proceedings. [Document # 8]. As such, the habeas petition does not contain any identification of the specific issues Petitioner wants this Court to review. Accordingly, this Court held a telephone hearing on April 28, 2009, during which Petitioner was directed to supplement his petition to specifically identify the issues he seeks to have this Court review. Petitioner filed his Supplement on May 6, 2009 [Document 65], in which he raises the following issues for consideration:

    1.    Trial counsel was ineffective for failing to "closely examine search warrant issued concerning the dates involved clearly showing the information was stale."

    2.    Trial counsel was ineffective for allowing Petitioner enter a guilty plea "on

3

> the pretense Petitioner would serve 30 days of 11½ to 23½ [month] county sentence and be eligible for work release," and without warning him that he would have to complete a 21 month sex offender treatment course, which removed the possibility of obtaining parole after serving only one year.

As relief, Petitioner seeks to have his sentence discharged, to have his guilty plea revoked, and to remand his case back to state court before May 29, 2009, for trial. Understanding that Petitioner is due to be released on or about May 31, 2009, this Court has not required Respondents to supplement their response, and will consider this matter based on the record as it now stands.

### B.      Discussion

#### 1.      Exhaustion

The doctrine of "exhaustion" requires a state prisoner to first present his federal constitutional claims to the state courts before raising those claims in federal habeas court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999). This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" Cristin, 281 F.3d at 410 (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). In order to properly exhaust a claim, a petitioner must fairly present it to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (emphasis added) (citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848; Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996)). In Pennsylvania, this requirement typically means that a petitioner in a non-capital case must present every claim raised in his federal petition to both the Common Pleas Court and the Superior Court either on direct appeal or during PCRA proceedings. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

##### a.      Trial Counsel's Ineffectiveness for Allowing Petitioner to Enter Guilty Plea

In this case, it is clear that the second claim raised in Petitioner's Supplement was not

4

fairly presented to either the Common Pleas Court or the Superior Court, either on direct appeal or during PCRA proceedings. As summarized above, the second habeas claim states, in essence, that trial counsel was ineffective for allowing Petitioner to enter a guilty plea on the pretense that Petitioner would be given work release after serving 30 days of his sentence, and without warning Petitioner that he would not be eligible for early parole because he was required to complete a 21-month sex offender program. Although Petitioner did claim in his PCRA proceedings that his guilty plea was unlawfully induced, in part, by the promise of a lesser sentence, Petitioner did not claim in the PCRA proceedings that his trial counsel was ineffective for allowing him to enter the guilty plea, nor did he specify that the "lesser sentence" involved an expectation of work release after 30 days and/or early parole. Thus, Petitioner has failed to exhaust this claim in state court.

Generally, a district court should require that a state prisoner return to state court for review of an unexhausted claim. See, e.g., Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). However, a federal court may excuse a petitioner's failure to exhaust in cases where the court can confidently predict that the state courts would not entertain review of the claim because such review would be barred by a state procedural rule. Slutzker v. Johnson, 393 F.3d 373, 380-81 (3d Cir. 2004); Whitney v. Horn, 280 F.3d 240, 249-53 (3d Cir. 2002); Lines, 208 F.3d at 162-66. That is the case here, because the PCRA statute of limitations and waiver rules would foreclose review of the claim now in state court. 42 Pa.C.S. § 9544(b), § 9545(b). Id. at 380-81; Whitney, 280 F.3d at 251; Lines, 208 F.3d at 165. However, excusing Petitioner from complying with the exhaustion requirement based on a finding of "futility" does him no good, because the Third Circuit Court has made clear that when exhaustion is excused in such a circumstance, the claim at issue is procedurally defaulted. Id. at 380-81 (citing Doctor, 96 F.3d at 683); Whitney, 280 F.3d at 252; Lines, 208 F.3d at 160; see also Coleman, 501 U.S. at 729-30. The procedural default doctrine applies to bar federal habeas relief when a state court has declined *or would decline* to address a petitioner's federal constitutional claim because he failed to meet a state procedural requirement. Id. at 381.

5

A petitioner whose constitutional claim has not been addressed on the merits due to the failure to comply with a state procedural rule can overcome the default, thereby allowing federal court review, only if he can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice."[2] Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). The only possible "cause" that Petitioner could point to is his PCRA counsel's decision not to (or failure to) raise his unexhausted claim in the PCRA proceeding. However, PCRA counsel's conduct cannot be relied upon to demonstrate the "cause" necessary to overcome Petitioner's default, because Petitioner had no Sixth Amendment right to representation during his PCRA proceeding. Cristin 281 F.3d at 420 (only attorney error that rises to the level of a Sixth Amendment violation can constitute "cause") (citing Finley, 481 U.S. at 554 and Coleman, 510 U.S. at 752)).

Accordingly, because Petitioner's second habeas claim is procedurally defaulted and the "cause and prejudice" exception is inapplicable to excuse his default, Petitioner is not entitled to habeas relief on such claim.

### b. Trial Counsel's Ineffectiveness for Failing to Closely Examine Search Warrant for Stale Information

With regard to the first claim raised in Petitioner's Supplement, regarding counsel's failure to closely examine the search warrant for stale information, this Court finds that such claim is substantially equivalent to the claim Petitioner raised in his PCRA proceedings, where

---

[2] Under the "fundamental miscarriage of justice" doctrine, a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995); House v. Bell, 547 U.S. 518 (2006); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). Coleman, 501 U.S. at 750-51. Petitioner does not argue that he has satisfied this exception, and it only applies to a petitioner who demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339-40. Actual innocence means factual innocence, not legal insufficiency, and the miscarriage of justice exception applies only in extraordinary cases. It is not applicable to this case.

he contended that his plea counsel was ineffective for failing to file a suppression motion to challenge stale information that served as the basis of the search warrant. In reaching this conclusion, the Court has accorded the most liberal construction possible to Petitioner's habeas claim, even beyond the bounds of which this Court generally reviews habeas claims. By doing so, this Court concludes that Petitioner has adequately exhausted his state court remedies with regard to his first habeas claim.

### 2. Merits

Having concluded that Petitioner has exhausted his first habeas claim, the Court must now review the merits of such claim under the standard of review set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). It provides, in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004); Hackett v. Price, 381 F.3d 281, 287 (3d Cir. 2004); Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000).

The "clearly established Federal law" in which to analyze a petitioner's ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Petitioner must show that his trial counsel's "representation fell below an objective standard of reasonableness." Id. at 688; see also Williams, 529 U.S. at 390-91. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Thomas v. Varner, 428 F.3d 491, 499 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). "However, [b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (quoting Strickland, 466 U.S. at 689). "[I]t is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997).

Petitioner also must show under Strickland that he was prejudiced by his trial counsel's deficient performance. "This requires showing that counsel's errors were so serious as to deprive [the petitioner] of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In other words, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Here, the Superior Court applied the correct legal standard to Petitioner's ineffective assistance of counsel claim. (See Memorandum Opinion attached to Document # 51 at p. 6 (citing Commonwealth v. Johnson, 868 A.2d 1278 (Pa. Super. 2005)(the legal standard for evaluating ineffective assistance claims in a PCRA proceeding is the same as the federal Strickland standard)).³ Therefore, the Superior Court's adjudication of this claim was not "contrary to" Strickland. Werts, 228 F.3d at 202-04 ("[A] state court decision that applied the Pennsylvania [ineffective assistance of counsel] test did not apply a rule of law that contradicted Strickland and thus was not 'contrary to' established Supreme Court precedent.").

---

³

Although Pennsylvania courts typically articulate a three-prong test for gauging ineffective assistance claims and Strickland sets forth its test in two prongs, the legal evaluation is the same, and the differences merely reflect a stylistic choice on the part of state courts. See Werts, 228 F.3d at 202-03.

The dispositive question, then, is whether the Superior Court's adjudication of Petitioner's ineffective assistance of counsel claims was an "unreasonable application" of Strickland. It was not. In order to overcome AEDPA's standard of review, Petitioner must show that the Superior Court's decision "cannot reasonably be justified under existing Supreme Court precedent[,]" Hackett, 381 F.3d at 287, and he falls far short of meeting this burden.

In denying Petitioner's claim of ineffective assistance for failure to file a motion to suppress the search warrant because it allegedly contained stale information, the Superior Court found as follows:

> Upon review, we agree with the PCRA court that [Petitioner's] counsel had a reasonable basis not to file a suppression motion in this matter.... The record reflects that [Petitioner] voluntarily confessed to the crime in question on June 7, 2006, ... and counsel's decision not to pursue a suppression motion was based upon a reasonable strategy designed to effectuate [Petitioner's] interests. At the PCRA hearing, [Petitioner's] counsel testified that he reviewed the search warrant prior to [Petitioner's] plea and did not find anything that would permit him to challenge it.... Counsel also testified that he concluded that 'the search warrant was served within the correct time frames' was not defective in any manner, and he did not believe that there was a likelihood of succeeding on the issue of suppression.

(See Superior Court Memorandum Opinion attached to Document # 51, at pp. 10-11).

The foregoing analysis comports with Strickland's proclamation that, "[b]ecause of the difficulties inherent in [evaluating an ineffective assistance of counsel claim], a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689). Here, the Superior Court concluded that trial counsel's decision not to file a motion to suppress the search warrant "was based upon reasonable strategy." This Court need not expand upon the Superior Court's analysis. Its adjudication of Petitioner's ineffective assistance of counsel claim regarding his trial counsel's failure to file a motion to suppress the search warrant because it allegedly contained stale information easily satisfies AEDPA's standard of review.

9

## C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying those standards here, jurists of reason would not find it debatable that Petitioner's first habeas claim is without merit and his second habeas claim is unexhausted and procedurally defaulted. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Petitioner's Motion for Summary Judgment [Document # 36] be denied, the instant Petition for Writ of Habeas Corpus be denied, and a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: May 19, 2009

cc: The Honorable Sean J. McLaughlin
United States District Judge